25393, 25417. TOCCOA FALLS LIGHT AND POWER
COMPANY *v.* GEORGIA POWER COMPANY.

DECIDED JUNE 18, 1936.

*Winston Owen, George S. Allen, J. B. Jones, John M. Johnson, Joseph H. Blackshear,* for plaintiff.

*Colquitt, MacDougald, Troutman & Arkwright, Erwin, Erwin & Nix, C. M. McClure,* for defendant.

GUERRY, J. This suit, as finally amended, was brought by Toccoa Falls Light and Power Company against the Georgia Power Company, for alleged breach of contract which recited, in part, as follows: "For and in consideration of the mutual covenants and agreements hereinafter contained, the parties hereto agree with each other as follows: The company [Georgia Power Company] agrees to furnish to the customer [Toccoa Falls Light and Power Company] and the customer agrees to take from the company, for and during the period of thirty (30) years, beginning about ———, or as soon as the company's lines are connected to the customer's electrical installations and the customer begins to use the company's electrical energy, . . all electrical energy . . that shall be required by the customer in the premises located at Toccoa, Georgia." And further, "it is agreed that the Georgia Railway and Power Company is not obligated in any way to commence this contract on any specific date, and that the Georgia Railway and Power Company has the sole right of determining when it shall extend its lines to Toccoa and when it shall commence furnishing current under said contract."

Without reference to whether the damages alleged in the petition are recoverable items, which were the anticipated profits of the resale of the power furnished by defendant to plaintiff, as being

too remote and speculative (Code of 1933, §§ 20-1406, 20-1407, 105-2010), or whether the contract is unenforceable as being contrary to public policy in that it is a contract between two public utilities fixing the rates to be charged by defendant in furnishing power to plaintiff, in view of the authority of the Georgia Public-Service Commission to regulate and prescribe rates; or whether the action was barred by the statute of limitations by the lapse of four years (the contract not being under seal), where defendant in 1922 refused to connect its lines to plaintiff's lines and otherwise refused to comply with the terms of the contract,—we think the court properly dismissed the action on general demurrer, for the contract recited no specific date for the commencement of the terms thereof, and provided, as above set out, that the electrical current would be furnished "as soon as the company's lines are connected to the customer's [plaintiff's] electrical installations and the customer begins to use the company's electrical energy," and that the defendant "is not obligated in any way to commence this contract on any specific date," and the defendant "has the sole right of determining when it shall extend its lines to Toccoa and when it shall commence furnishing current under this contract," which, under a fair construction of these terms, vested in the defendant the sole power to determine in its judgment and discretion whether at any time it would connect its lines to the plaintiff's electrical installations and furnish electrical energy to plaintiff; and in the absence of a showing by allegation that the defendant had exercised its discretion and judgment by actually embarking upon the covenants made, the petition setting up a refusal to comply with the contract set out no cause of action. Therefore the court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Cross-bill of exceptions dismissed. MacIntyre, J., concurs. Broyles, C. J., disqualified.*